UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY LEE TURNER                                                              PLAINTIFF

V.                          No. 4:20-cv-01141-LPR-JTR

BURK, Deputy,
Lonoke Detention Center                                                         DEFENDANT

## RECOMMENDED DISPOSITION

The following Partial Recommended Disposition has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Bradley Lee Turner ("Turner"), filed a § 1983 Complaint, *pro se*, complaining that, while incarcerated in the Lonoke County Detention Center ("LCDC"), Deputy Burk ("Burk") violated his constitutional right to receive

adequate medical care.[1]  *Doc. 2*.  Before Turner may proceed with this case, the Court must screen his claims.[2]

## II.  Discussion

Turner alleges that his prescription for Seroquel,[3] which he takes for anxiety, ran out on August 4, 2020 and was not refilled until September 4, 2020.  *Doc. 2 at 4*.  According to Turner, he takes Seroquel "for my anxiety so that I don't have panic attacks."  Turner claims that he repeatedly 'tried to get . . . Burks to refill" his Seroquel script, between "August 4, 2020" and "September 4, 2020," but she told him "she would not refill my prescription until ADC . . . approved my meds."  In response to Turner's continued questions about when his script would be refilled, Burk allegedly told him "she don't know and don't care and to out of her face about my pills."  *Doc. 2 at 4-5*.

At most, Turner's claim against Burk is based on him having to wait not more than one month before he received the refill for his Seroquel.  Such a brief delay in

---

[1]Turner claims that Burks was "the medical officer' at the LCDC.

[2]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[3] Turner spells the medication "Sarahquil," but presumably he is referring to Seroquel.

him receiving that medication does not support a constitutional claim for the delayed receipt of medical care against Burk. *See Hines v. Anderson;* 547 F.3d 915, 920-21(8th Cir. 2008) (holding that unspecified delays in refilling the prisoners' various prescriptions did not rise to the level of a constitutional violation); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (finding that a month long delay in refilling pretrial detainee's antidepressant prescription was not a constitutional violation).

To state a plausible delayed medical care claim against a jailer like Burk, Turner must allege facts suggesting that she acted with deliberate indifference, which "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

Liberally construing Turner's allegations, he has failed to plead a plausible claim of deliberate indifference against Burk for her alleged one month delay in him receiving the refill of his script for Seroquel. In his Complaint, Turner makes it clear Burk's stated reason for not immediately getting the script filled was her need to obtain approval from the ADC, *i.e.* confirmation that he was supposed to be taking the medication. Nothing about Burk's explanation for the delay (which is reasonable and understandable) suggests she was acting with deliberate indifference. Furthermore, Turner admits that, as a result of not receiving the Seroquel for his

3

anxiety for about thirty days, he experienced only "mental distress" which constituted "cruel and unusual punishment." *Doc. 2 at 5*. Taking all of these facts to be true and drawing all reasonable inferences from them in favor of Turner, he has failed to state an actionable claim for relief under § 1983.

IT IS THEREFORE RECOMMENDED THAT:

1. All claims asserted in Turner's Complaint be dismissed, without prejudice, for failure to state a plausible claim that his constitutional rights were violated.

2. The dismissal count as a "strike" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

IT IS SO ORDERED this 16th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE